867 F.2d 611
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lloyd R. BASS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1056.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Lloyd R. Bass ("plaintiff") appeals the summary judgment of the district court in favor of the Secretary of Health and Human Services ("the Secretary"), denying plaintiff's application for disability insurance benefits filed pursuant to 42 U.S.C. Sec. 405 et seq. We affirm.
 
 
 2
 On February 20, 1985, plaintiff filed an application for social security disability benefits alleging he was disabled due to a right shoulder injury. J.A. at 74-79. Plaintiff alleged an onset date of May 17, 1983. Plaintiff's application was denied initially and upon reconsideration. On November 25, 1985, a hearing before an Administrative Law Judge ("ALJ") was held pursuant to plaintiff's request. Plaintiff appeared and was represented by counsel.
 
 
 3
 At the hearing, plaintiff testified that on May 17, 1983, he was employed as a carpenter and was building a scaffolding on a steep grade when he slipped and fell on a partially buried plank. Plaintiff testified that after falling, he rolled downhill about twelve feet and experienced immediate pain in his right shoulder. Plaintiff stated that as a result of his fall, he suffered a severe rotator cuff injury to his right shoulder which eventually required surgery. On February 25, 1986, the ALJ issued his decision finding plaintiff disabled from May 17, 1983, through August 30, 1984, but not thereafter.
 
 
 4
 Plaintiff then requested review of the ALJ's decision by the Appeals Council. On January 8, 1987, the Appeals Council issued its decision finding that although plaintiff sustained a right shoulder injury on May 17, 1983, he retained the capacity to perform a significant number of jobs in the national economy within twelve months of his injury. Therefore, plaintiff did not satisfy the twelve-month durational requirement of the Social Security Act, see 42 U.S.C. Sec. 423(d)(1)(A), and at no time was under a disability as defined in the Act.
 
 
 5
 On March 13, 1987, plaintiff filed the present action in the district court seeking judicial review of the final decision of the Secretary pursuant to 42 U.S.C. Sec. 405(g). The parties filed cross-motions for summary judgment, and on September 18, 1987, the magistrate entered a recommendation that the Secretary's motion for summary judgment be granted and that the plaintiff's motion be denied. On November 12, 1987, the district court accepted the magistrate's recommendation and entered judgment affirming the Secretary's decision. This timely appeal followed.
 
 
 6
 Plaintiff first argues that the Appeals Council erred in rejecting the decision of the ALJ and in relying upon the conclusions of a physician that never examined plaintiff. We note, however, that in Mullen v. Bowen, 800 F.2d 535, 546 (6th Cir.1986) (en banc), this court determined that where the Appeals Council reaches conclusions contrary to those of the ALJ, "the issue for judicial review is whether the Appeals Council's findings, and not those of the [ALJ], are supported by substantial evidence...." Thus, "our review ... is to be governed by the substantial evidence standard in terms of the Secretary's final decision as expressed by the final action of the Appeals Council." Id. at 545. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 7
 Plaintiff also argues that the Secretary erred in rejecting the statement of plaintiff's rehabilitative physician to the effect that the physician "suspect[ed] that [plaintiff] has a 'prima facie' case of disability according to [Listing 1.13, 20 C.F.R. Part 404, Subpt. P., App. 1 (1988) ]." J.A. at 204. We find, however, that ample evidence of record exists in support of the Secretary's conclusion that plaintiff did not meet the requirements of Listing 1.13.
 
 
 8
 After careful consideration of the record and briefs filed herein, we hold that the decision of the Secretary is supported by substantial evidence, including but not limited to, the reports of plaintiff's treating and operating physician, Dr. Thomas Rush. Accordingly, the judgment of the district court granting the Secretary's motion for summary judgment is AFFIRMED.